UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **COURTNEE DEMOND AUSTIN,** | } |
| Plaintiff, | } |
| v. | } Case No.: 5:15-cv-00181-MHH-JHE |
| **DOROTHY ANDERSON,** | } |
| Defendant. | } |

# MEMORANDUM OPINION

In this action, plaintiff Courtnee Demond Austin seeks damages from Dorothy Anderson, a former employee of the State of Alabama. Mr. Austin alleges that Ms. Anderson stole his identity while he was in the custody of the Alabama Department of Corrections. (Doc. 1, pp. 3, 6; Doc. 4, p. 1). Mr. Austin requests compensatory damages to cover the cost of restoring his identity, damages for mental anguish, and punitive damages. (Doc. 1, p. 7).

The magistrate judge to whom this case is assigned recommended that the case be dismissed without prejudice for lack of subject matter jurisdiction. (Doc. 11). Mr. Austin has filed an objection to the report and recommendation. Mr.

Austin contends that federal jurisdiction does exist. (Doc. 14). The Court sustains the objection.

## I. FACTUAL BACKGROUND

Mr. Austin was incarcerated from 2003 until 2007. (Doc. 4, p. 1). While on probation in 2008, Mr. Austin worked at Birmingham Roofing and Sheetmetal before returning to the custody of the Alabama Department of Corrections for a probation violation. (Doc. 4, p. 1). When Mr. Austin tried to file a tax return for 2008, the IRS informed him that he was a victim of identity theft. (Doc. 4, p. 1). The IRS gave Mr. Austin a copy of a fraudulent tax return which had been filed under his name and bore a return address in Wetumpka, Alabama. (Doc. 4, p. 1). Mr. Austin has never lived in Wetumpka, but a residence in that city was registered in his name and had become subject to a tax lien. The tax lien appeared on his credit report. (Doc. 4, pp. 1-2).

While incarcerated in 2011, Mr. Austin was transported from Alabama to South Carolina to testify against Dorothy Anderson, who was charged with stealing the identity of Mr. Austin and a number of other prison inmates. (Doc. 1, pp. 5-6). In addition to filing a fraudulent tax return, Ms. Anderson, a former tax preparer, opened several bank accounts in Mr. Austin's name. (Doc. 1, pp. 3, 6). Ms. Anderson also implicated Mr. Austin in her crimes, stating she had paid him $26,000 for his identity. (Doc. 1, p. 6).

Mr. Austin has not received his tax refund for 2013. He attributes the delay to Ms. Anderson's actions and an ongoing IRS investigation. (Doc. 4, p. 2). In his complaint, Mr. Austin seeks to recover $1,000,000 from Ms. Anderson. (Doc. 1, p. 7).

## II. STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This means the Court must "give fresh consideration to those issues to which specific objection has been made." *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The Court must review de novo questions of law in the report and recommendation, and the Court reviews for plain error factual findings to which the plaintiff has not objected. *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). The Court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III. DISCUSSION

The magistrate judge found that the Court may not exercise jurisdiction over Mr. Austin's claims under 28 U.S.C. § 1331 because Mr. Austin has not presented a federal question in his complaint. The magistrate judge also concluded that the

3

Court lacks jurisdiction under 28 U.S.C. § 1332 because Mr. Austin cannot recover $75,000, much less $1,000,000. (Doc. 11, pp. 5, 8, 9).

With respect to federal question jurisdiction, on its face, Mr. Austin purports to bring a federal law claim under § 1983. (Doc. 11, p. 5; Doc. 1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The magistrate judge found that both the "color of state law" and "right secured by the Constitution and laws of the United States" elements of a § 1983 claim are missing from the complaint. (Doc. 11, pp. 5-6).

In his complaint, Mr. Austin has not described a violation of either the Constitution or federal law. This deficiency is fatal to a claim under § 1983. Therefore, the Court will dismiss Mr. Austin's § 1983 claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

In addition to his § 1983 claim, Mr. Austin's complaint (Doc. 1) and response to the Court's show cause order (Doc. 4) contain allegations which the Court construes as stating claims under Alabama law for identity theft, defamation,

---

[1] By pleading a claim under § 1983, Mr. Austin properly invoked federal question jurisdiction under § 1331. Because Mr. Austin did not plead an essential element of a § 1983 claim, his claim fails as a matter of law under Rule 12(b)(6).

and conversion.[2] The Court may exercise jurisdiction over the state law claims under 28 U.S.C. § 1332 if the parties to the dispute are citizens of different states, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.[3] The magistrate judge found that Mr. Austin and Ms. Anderson are citizens of different states and acknowledged that Mr. Austin requests relief of $1,000,000 from Ms. Anderson. (Doc. 11, p. 7). When a plaintiff pleads damages in excess of the jurisdictional floor, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). On the facts alleged by Mr. Austin, and the causes of action that he has asserted, the Court cannot find to a legal certainty that Mr. Austin's claim is really for an amount less than $75,000.

Ala. Code § 13A-8-199 allows a victim of identity theft to bring a civil action to recover "[f]ive thousand dollars ($5,000) for each incident, or three times the actual damages, whichever is greater," within seven years from the date of

---

[2] Mr. Austin is proceeding *pro se*. Therefore, the Court must liberally construe the allegations in his complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

[3] The Court declines to exercise supplemental jurisdiction over Mr. Austin's state law claims. *See* 28 U.S.C. § 1367(a), (c)(3) (providing that the Court may decline to exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy" if "the district court has dismissed all claims over which it has original jurisdiction.").

discovery of the offense or when the offense reasonably should have been discovered. Ala. Code § 13A-8-199(a)(1), (b). The record indicates that Ms. Anderson collected a tax refund of $9,388.00 in Mr. Austin's name. (Doc. 4, p. 7). It is not clear whether Mr. Austin was actually entitled to a refund in that amount because Ms. Anderson may have falsified information on the tax return submitted to the IRS. Assuming for the moment that Mr. Austin would have been entitled to the full refund, § 13A-8-199 would mandate an award of just over $28,000 in actual damages.

Mr. Austin does not quantify other actual losses but does refer to incidents in which Ms. Anderson misused his personal information. Ms. Anderson purchased or otherwise illegally obtained Mr. Austin's personal information (Doc. 4, p. 1); opened "several" bank accounts in Mr. Austin's name (Doc. 1, p. 6); filed a 2008 tax return in Mr. Austin's name (Doc. 4, p. 1); registered property under Mr. Austin's name in Wetumpka, AL (Doc. 4, p. 2); and caused a tax lien to appear on Mr. Austin's credit report related to the Wetumpka property (Doc. 4, p. 2). If "several" indicates a minimum of three bank accounts, then Mr. Austin has alleged conduct that would entitle him to at least $15,000 under § 13A-8-199. Recovery under § 13A-8-199 is "[i]n addition to any other remedies provided by law." Ala. Code § 13A-8-199(a).

In addition to the allegations of identity theft, Mr. Austin asserts that Ms. Anderson wrongfully accused him of participating in her scheme. (Doc. 1, p. 6). According to Mr. Austin, Ms. Anderson stated that she paid Mr. Austin $26,000 for his identity, an allegation which may qualify as defamation per se because it implicates Mr. Austin in a crime. *See Ponder v. Lake Forest Prop. Owners Ass'n*, 214 So. 3d 339, 350-52 (Ala. Civ. App. 2015).[4] A claim of defamation per se allows a plaintiff to recover punitive damages, and the law presumes that defamation per se caused mental suffering and injury to the plaintiff's reputation without proof of actual harm. *Id.*; *Tanner v. Ebbole*, 88 So. 3d 856, 863 (Ala. Civ. App. 2011).[5]

Mr. Austin also may seek punitive damages as part of a conversion claim against Ms. Anderson. *Indus. Techs., Inc. v. Jacobs Bank*, 872 So. 2d 819, 826 (Ala. 2003) ("Intentional torts ordinarily carry punitive damages, if the jury chooses to award them.") (internal quotation marks omitted); (*see also* Doc. 11, p. 6). In a case in which punitive damages are available, jurisdiction exists if it is

---

[4] *See* note 2, *supra*.

[5] Mr. Austin may not be able to prevail on a claim for defamation per se because Ms. Anderson's statements may be absolutely privileged if they were made in connection with her criminal prosecution for identity theft. *Walker v. Majors*, 496 So. 2d 726, 729 (Ala. 1986) ("'A party to a private litigation or a private prosecutor or defendant in a criminal prosecution is absolutely privileged to publish defamatory matter concerning another in communications preliminary to a proposed judicial proceeding, or in the institution of or during the course and as a part of, a judicial proceeding in which he participates, if the matter has some relation to the proceeding.'") (quoting Restatement (Second) of Torts § 587 (1977) (emphasis omitted)). Jurisdiction is not premised on the ultimate viability of the plaintiff's claim but on the amount in controversy.

possible for a jury to award the jurisdictional amount. *Ryan v. State Farm Mut. Auto. Ins. Co.*, 934 F.2d 276, 277 (11th Cir. 1991), *certified question answered*, 413 S.E.2d 705 (1992). The Court is not aware of any legal barriers that would prohibit an Alabama jury from awarding more than $75,000 in a conversion case such as this. *See Indus. Techs.*, 872 So. 2d 819 (reinstating $250,000 punitive damages award and discussing jury awards in conversion cases).

## IV. CONCLUSION

Accordingly, the Court dismisses Mr. Anderson's § 1983 claim pursuant to Rule 12(b)(6). The Court may exercise jurisdiction over Mr. Austin's state law claims pursuant to 28 U.S.C. § 1332. The Court refers this action to the magistrate judge for further proceedings consistent with this memorandum opinion.

**DONE** and **ORDERED** this June 28, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE